**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-2946

BRIGHTSPACE TECHNOLOGIES, INC.,
a Delaware corporation,

      Plaintiff,

v.

SUNCAST CORPORATION,
an Illinois corporation.

---

## COMPLAINT AND JURY DEMAND

---

By this Complaint, BrightSpace Technologies, Inc. seeks declaratory relief, as set forth below, to establish that its registration and use of the domain name "suncast.co" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

### Parties

1.     Plaintiff BrightSpace Technologies, Inc. ("Plaintiff" or "BrightSpace") is a Delaware corporation with a principal place of business at 1303 Empire Road, Louisville, CO 80027.

2.     Defendant Suncast Corporation ("Defendant" or "Suncast") is an Illinois corporation with its principal offices at 701 North Kirk Road, Batavia, IL 60510.

## Jurisdiction and Venue

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.   Plaintiff seeks a declaration, pursuant to 15 U.S.C, §1114(d)(v) and 28 U.S.C. § 2201, that the registration and use of the domain name "suncast.co" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).  In addition, Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding with the National Arbitration Forum concerning Plaintiff's right to register the domain name "suncast.com."

4.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.   In addition, Defendant agreed that venue is proper in this Court when it filed its complaint with the National Arbitration Forum concerning Plaintiff's right to register the domain name "suncast.com".

## Facts

5.      Plaintiff is a corporation formed under the laws of the state of Delaware on June 26, 2014.   Since its formation, Plaintiff has been developing and testing a solar cogeneration system.

6.      Solar cogeneration systems comprise two distinct parts: a first part that transmits (i.e., "broadcasts") visible sunlight to a directed area through fiber optic cables via a sunlight collection system and a second part that generates electricity from the infrared sunlight.  Plaintiff is currently focusing on developing the sun "broadcasting" part of the system.

7.    In connection with Plaintiff's efforts to develop and raise funds for its solar cogeneration system, Plaintiff created the name "Suncast" to use in association with the system. In January 2015, Plaintiff determined that the domain name suncast.co was available and registered it through Super Privacy Service LTD c/o Dynadot, which is an accredited registrar with the Internet Corporation for Assigned Names and Numbers (ICANN).

8.    Plaintiff's efforts to develop its business and product offerings have also included developing content for its web site.

9.    After Plaintiff developed its solar cogeneration system, Plaintiff posted a job listing on the website LinkedIn.com around May or June 2019.  Upon doing so, LinkedIn automatically associated the listing with Defendant's logo. Plaintiff attempted to remove Defendant's logo from the job listing, but was unsuccessful in doing so.  Plaintiff then removed the listing, but was unable to completely remove it from archived information on LinkedIn.com.

10.    On or about September 9, 2019, Defendant filed an administrative complaint with the National Arbitration Forum pursuant to ICANN's Uniform Domain Name Dispute Resolution Policy (the "ICANN Policy") (the "UDRP Complaint"). (*See* Exhibit A.)  In its UDRP Complaint, Defendant claimed that Plaintiff's registration of "suncast.co" violated Defendant's trademark registrations, including U.S. Trademark Registration Nos. 2085417, 2232821, 3453575 for SUNCAST for plastic, metal and wood products and structures including:  deck boxes; outdoor furniture such as chairs, benches and tables; patio accessories; hose reels; planters; edging and fencing; garden scooters; garden stations; outdoor structures; pet products; storage sheds and accessories; storage bins; storage lockers; snow tools; and material handling products. Plaintiff

was unaware of Defendant's registration of SUNCAST and alleged use in connection with the goods and services identified in the UDRP Complaint.

11.     Plaintiff did not file a response to the UDRP Complaint.  By decision dated October 2, 2019, an arbitrator with the National Arbitration Forum issued a decision directing that the registration of "suncast.co" be transferred to Defendant without considering submissions from Plaintiff that its registration of the domain name is not unlawful.  (*See* Exhibit B.)

## COUNT I
## (Declaration Under Anticybersquatting Consumer Protection Act)

12.     The plaintiff realleges and incorporates by reference herein paragraphs 1-11 above.

13.     In registering the domain name "suncast.co," Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. §1125(d)(1)(A)(i), to profit from Defendant's trademark registrations for SUNCAST for the goods identified in Defendant's UDRP Complaint.

14.     The domain name "suncast.co" is not identical, confusingly similar to, or dilutive of, as provided in 15 U.S.C. §1125(d)(1)(A)(ii), Defendant's trademark registrations for SUNCAST for the goods identified in Defendant's UDRP Complaint.

15.     Plaintiff believed and had reasonable grounds to believe that its registration and use of the domain name "suncast.co" was a fair use or otherwise lawful use, as provided in 15 U.S.C. §1125(d)(1)(B)(ii).

16.     As required by 15 U.S.C. §1114(2)(D)(v), Plaintiff has provided notice to Defendant of this action to establish that Plaintiff's registration and use of the domain name "suncast.co" is not unlawful under the Anticybersquatting Consumer Protection Act prior to effecting formal service of process.

**COUNT II**
**(Declaratory Judgment)**

17.    Plaintiff realleges and incorporates by reference herein paragraphs 1-16 above.

18.    A dispute exists between the Plaintiff and Defendant concerning Plaintiff's right to register and use the domain name "suncast.co" as established in the UDRP Complaint.  As a consequence of this dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.    For a judicial declaration that Plaintiff's registration and use of the domain name "suncast.co" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);

b.    For a judicial declaration that Plaintiff is not required to transfer the registration for the domain name "suncast.co" to Defendant;

c.    Equitable relief in the form of an injunction prohibiting the transfer of the registration for the domain name "suncast.co" to Defendant;

d.    For an award of Plaintiff's costs and attorney's fees and other expenses as permitted by law; and

e.    For other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED:  October 16, 2019                Respectfully submitted,

                                        By: */s/ Carolyn Juarez*

                                        Carolyn Juarez
                                        carolyn@nodiplaw.com
                                        Shane Percival
                                        shane@nodiplaw.com

                                        Neugeboren O'Dowd PC
                                        1227 Spruce St.
                                        Suite 200
                                        Boulder, Colorado 80302
                                        T:  (720) 536-4900
                                        F:  (720) 536-4910

                                        ATTORNEYS FOR PLAINTIFF BRIGHTSPACE
                                        TECHNOLOGIES, INC.